**Antonio RODRIGUEZ–LUGO, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 10–56424.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 15, 2011.

Filed Nov. 21, 2011.

Paul W. Allen, Hill, Piibe & Villegas, Los Angeles, CA, for Petitioner–Appellant.

Orlando Bernhard Gutierrez, Kyle W. Hoffman, Office of the U.S. Attorney, San Diego, CA, for Respondent–Appellee.

Before: GOODWIN, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Appellant Antonio Rodriguez–Lugo (Lugo), who pled guilty in 1975 to posses-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sion of marijuana with intent to distribute, challenges the district court's dismissal of his petition for writ of error *coram nobis* premised on ineffective assistance of counsel and an allegedly defective plea colloquy.

Dismissal of Lugo's *coram nobis* petition was proper, as the petition was barred by laches. Lugo failed to exercise reasonable diligence in delaying until 2009 to challenge his 1975 guilty plea. *See Telink, Inc. v. United States,* 24 F.3d 42, 48 (9th Cir.1994). The government was prejudiced by Lugo's delay, as the record no longer permits the government to effectively rebut Lugo's claims. *See id.* ("But for [Lugo's] delay, ·the government would have preserved its case, [and] reprosecution (if necessary) would have occurred earlier ..."); *see also United States v. Riedl,* 496 F.3d 1003, 1008–09 (9th Cir. 2007). The district court, therefore, properly dismissed Lugo's petition as barred by laches. *See id.*[1]

**AFFIRMED.**

---

1. The parties agree that the district court erred in dismissing Lugo's *coram nobis* petition pursuant to the Anti–Terrorism and Effective Death Penalty Act's statute of limitations. *See United States v. Kwan,* 407 F.3d 1005, 1012 (9th Cir.2005), *as amended, abrogated on other grounds by Padilla v. Kentucky,* —— U.S. ——, 130 S.Ct. 1473, 1484, 176 L.Ed.2d 284 (2010) ("Because a petition for writ of error coram nobis is a collateral attack on a criminal conviction, the time for filing a petition is not subject to a specific statute of limitations.") (citations omitted).